Vijay K. Toke (SB# 215079)
Nikolaus A. Woloszczuk (SB# 286633)
PRANGER LAW PC
88 Guy Place, Suite 405
San Francisco, CA 94105
Tel: 415-885-9800 | Fax: 415-944-1110
vtoke@prangerlaw.com
nwoloszczuk@prangerlaw.com

Attorneys for Defendant
CREDO.AI CORP.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDO TECHNOLOGY GROUP, LTD.,<br><br>        Plaintiff,<br><br>  vs.<br><br>CREDO.AI CORP.,<br><br>        Defendant. | Case No. 3:24-cv-02032-CRB<br><br>**DEFENDANT CREDO.AI CORP.'S UNOPPOSED ADMINISTRATIVE MOTION OBJECTING TO PROVISION OF PUBLIC ACCESS TO FEBRUARY 13, 2026 HEARING** ORDER<br>Judge: Hon. Charles R. Breyer |

Pursuant to Civil Local Rules 77-3(b)-(c) and 7-11, Defendant Credo.AI Corp. ("Defendant" or "Credo AI") respectfully submits this administrative motion objecting to provision of public access for the February 13, 2026 hearing on the parties' Motions for Summary Judgment (ECF Nos. 72-3 and 76-3) and Defendant's Motion to Exclude Evidence of Corrective Advertising, Strike Plaintiff's Jury Demand, and Withdraw Defendant's Jury Demand (ECF 150) (the "Hearing") due to the likelihood of the parties' highly confidential information being discussed at the Hearing.  Plaintiff does not oppose this Motion. *See* attached Woloszczuk Declaration.

Civil Local Rule 77-3(b) provides that provision of remote public access to proceeds may be prohibited if such public access "would risk interfering with the integrity of the proceedings. This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony."  Here, remote public access for the Hearing would risk interfering with the privacy rights of the parties as Defendant anticipates that at the Hearing, the Court and the parties will discuss highly confidential business information of both parties. Portions of nearly all the briefing on the parties' motions that will be heard at the Hearing has been filed under seal due to protect confidential and sensitive proprietary information not disclosed to the public. The types of information include (1) confidential financial and sales data such as profits and losses, and pricing, including for Credo AI—a private company; (2) confidential business and marketing strategies; (3) confidential customer identities and information on their contract terms and purchases; and (4) confidential information about the parties' products and services. The Court has previously found compelling reasons to seal this information in its orders granting the parties' motions to seal. *See, e.g.*, ECF Nos. 97, 99, 117-22, 127-28, 138-39, 146-47, 151-52.

Courts in this District consistently hold that these types of confidential commercial information may be sealed where disclosure would harm a party's

UNOPPOSED ADMINISTRATIVE MOTION OBJECTING TO PROVISION OF PUBLIC ACCESS TO FEBRUARY 13, 2026 HEARING & [~~Proposed~~] Order
Case No. 3:24-cv-02032-CRB
2

competitive standing or reveal non-public terms of commercial relationships. *See, e.g,* *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at \*3 (N.D. Cal. Jan. 3, 2019) (sealing information that "may harm ... competitive standing" or would divulge "terms of confidential contracts [or] contract negotiations"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at \*2 (N.D. Cal. Mar. 4, 2015) (information is sealable where disclosure "could be used to the company's competitive disadvantage"); *Algarin, Doyle v. Galderma, Inc.*, No. 19-CV-05678 (TSH), 2021 WL 4926999, at \*2 (N.D. Cal. Apr. 27, 2021) (granting a motion to seal because the documents contained "confidential, proprietary and strategic information about sales and marketing related to Galderma's prescription business sales organization.").

Compelling reasons warrant sealing of the Hearing as public disclosure of this information could result in improper use by business competitors seeking to replicate Credo.AI's or Plaintiff's business strategies and practices and gain an advantage in the market, while circumventing expending their own resources necessary to develop their own practices and strategies.

In light of the foregoing, Defendant Credo AI respectfully requests that the Court grant the Unopposed Administrative Motion.

Dated:　　　January 30, 2026

VIJAY K. TOKE
NIKOLAUS A. WOLOSZCZUK
PRANGER LAW PC

By:　　*/s/ Vijay K. Toke*
　　　　Vijay K. Toke
　　　　*Attorneys for Defendant*
　　　　CREDO.AI CORP

UNOPPOSED ADMINISTRATIVE MOTION OBJECTING TO PROVISION OF PUBLIC ACCESS TO FEBRUARY 13, 2026 HEARING & [~~Proposed~~] Order
Case No. 3:24-cv-02032-CRB
3

## [~~PROPOSED~~] ORDER

Upon consideration of the above Unopposed Administrative Motion Objecting to Provision of Public Access to February 13, 2026 Hearing, and for good cause shown, **IT IS SO ORDERED**:

The February 13, 2026 hearing shall not include provision of remote public access. The hearing will be held remotely using the non-public platform. Counsel shall register on 2/9 at crbcrd@cand.uscourts.gov to be included as a participant for the proceedings.

Dated: February 4, 2026

_____

Hon. Charles R. Breyer
United States District Court Judge

Vijay K. Toke (SB# 215079)
Nikolaus A. Woloszczuk (SB# 286633)
PRANGER LAW PC
88 Guy Place, Suite 405
San Francisco, CA 94105
Tel: 415-885-9800 | Fax: 415-944-1110
vtoke@prangerlaw.com
nwoloszczuk@prangerlaw.com

Attorneys for Defendant
CREDO.AI CORP.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDO TECHNOLOGY GROUP, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> CREDO.AI CORP., <br><br> Defendant. | Case No. 3:24-cv-02032-CRB <br><br> **DECLARATION OF NI OLAUS A. OLOS C U IN SUPPORT OF CREDO.AI CORP.'S UNOPPOSED ADMINISTRATIVE MOTION OBJECTING TO PROVISION OF PUBLIC ACCESS TO FEBRUARY 13, 2026 HEARING** |

DECLARATION OF NIKOLAUS A. WOLOSZCZUK IN SUPPORT OF CREDO.AI CORP.'S UNOPPOSED ADMINISTRATIVE MOTION OBJECTING TO PROVISION OF PUBLIC ACCESS TO FEBRUARY 13, 2026 HEARING

Case No. 3:24-cv-02032-CRB

1

I, Nikolaus A. Woloszczuk, declare as follows:

1.      I am an attorney at law, duly admitted to practice before this Court, and am counsel of record for Defendant Credo.AI Corp. ("Credo AI"). I have firsthand, personal knowledge of the matters stated herein and, if called as a witness, would and could competently testify thereto. I submit this declaration in support of Credo AI's Unopposed Administrative Motion Objecting to Provision of Public Access to February 13, 2026 Hearing (the "Motion").

2.      Defendant Credo AI sought Plaintiff Credo Technology Group Ltd.'s stipulation to the Motion. Counsel for Plaintiff stated that although Plaintiff would not join the Motion, that it does not oppose it.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on January 30, 2026 at Redwood City, California.


*/s/ Nikolaus A. Woloszczuk*
Nikolaus A. Woloszczuk