IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDO TECHNOLOGY GROUP, LTD., | Case No. 24-cv-02032-CRB |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO STRIKE** |
| CREDO.AI CORP., | |
| Defendant. | |

Plaintiff Credo Technology Group, Ltd., sued Defendant Credo.AI Corp. based on purported trademark infringement.  Compl. (dkt. 1).  The parties now move for summary judgment.  Plaintiff seeks partial summary judgment based on two of Defendant's affirmative defenses.  PMSJ (dkt. 74).  Defendant seeks summary judgment on all of Plaintiff's claims and requested relief for disgorgement.  DMSJ (dkt. 93).  Defendant also moves to strike Plaintiff's jury demand and exclude any evidence of corrective advertising.  MTS (dkt. 150).  For the reasons below, the Court **GRANTS** Plaintiff's motion for partial summary judgment in part and **DENIES** both of Defendant's motions.

## I.    BACKGROUND

Plaintiff is a high-speed connectivity solutions provider based in San Jose, California and founded in 2008.  Brennan Decl. (dkt. 112) ¶ 2.  It develops products to optimize the performance and reliability of AI-driven applications, cloud computing, and hyperscale networks.  Id.  Plaintiff's business covers everything from AI data centers to its own software platform.  Id. ¶ 3.  Plaintiff is a public company, completing its initial public offering on January 26, 2022.  Id. ¶ 14.  Its market capitalization exceeds $30 billion and

its revenue for fiscal year 2025 was $436.8 million. Id. ¶ 15. Plaintiff's customers include some of the most prominent technology companies. Id. ¶ 10. Since 2009, Plaintiff has sold its products under its registered CREDO trademark. Id. ¶ 4.

Defendant was founded in February 2020 by Navrina Singh. Singh Dep. (dkt. 80-5) at 13:1–5. It is an AI governance software platform provider that seeks to help customers build AI responsibly. Id. at 10:5–17. Defendant's customers tend to be in the healthcare, financial services, pharmaceuticals, and consumer packaged goods industries. Shattuck Dep. (dkt. 81-1) at 144:25–145:7. Before adopting the name Credo AI for her company, Singh conducted an internet search to see if the CREDO mark was taken, in addition to a formal trademark search by her counsel. Singh Dep. at 34:2–36:21.

Plaintiff filed suit based on trademark infringement. See Compl. Plaintiff points to many situations where individuals confused Plaintiff with Defendant. For example, Plaintiff's Chief Executive Officer, William Brennan, attended a client event hosted by Goldman Sachs where event attendees asked if he was with Defendant, rather than Plaintiff. Brennan Decl. ¶ 21.

Defendant did not file a motion to dismiss, and the parties engaged in discovery. In July 2025, after the close of fact discovery, the parties attended the RAISE Summit, a global AI conference in Paris. Vanasse Decl. (dkt. 113) ¶¶ 13–17. The event organizers and attendees frequently confused Plaintiff with Defendant. Id. ¶¶ 15–19. Following the conference, articles discussing Defendant's launch of its Global Partner Program again confused Plaintiff for Defendant, including a reference to Plaintiff's stock ticker to describe Defendant. Id. ¶ 22. Less than two weeks after the conference, Plaintiff amended its disclosures to Defendant to add corrective advertising as claimed damages. Amended Disclosures (dkt. 150-7). After this disclosure, the parties stipulated to reopen discovery based on the recent events of confusion. Order Re Stipulation (dkt. 66).

Both parties moved for summary judgment. See PMSJ; DMSJ. Defendant also moved to strike Plaintiff's jury demand and exclude all evidence related to Plaintiff's new corrective advertising theory of damages. MTS.

2

## II.   LEGAL STANDARD

Summary judgment is proper when there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Once it has done so, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c).  If the nonmoving party fails to do so, "the moving party is entitled to a judgment as a matter of law."  Celotex, 477 U.S. at 323.  However, summary judgment is "generally disfavored in the trademark arena."  Zobmondo Ent., LLC v. Falls Media, LLC, 602 F.3d 1108, 1113 (9th Cir. 2010) (internal quotation omitted).

## III.   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff seeks summary judgment on Defendant's two affirmative defenses: failure to state a claim and laches.  PMSJ at 1.  Plaintiff argues that failure to state a claim is not an affirmative defense and that there is no evidence to support a laches defense.  Id.  Defendant contends that its failure to state a claim defense is essentially moot given its own motion for summary judgment and that there are triable issues for laches.  PMSJ Opp'n (dkt. 103) at 1.  The Court **GRANTS** Plaintiff's motion only as to the failure to state a claim defense.

### A.   Failure to State a Claim

It is well-settled that a "[f]ailure to state a claim is not an affirmative defense."

United States District Court
Northern District of California

LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC, No. 20-CV-07905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021); see also Ozorpak v. United States Citizenship & Immigr. Servs., No. 24-CV-08248-AGT, 2025 WL 3500671, at *1 (N.D. Cal. May 14, 2025) (same).  Courts grant summary judgment against such defenses.  See, e.g., Aguilar v. Zep Inc., No. 13-CV-00563-WHO, 2014 WL 4245988, at *18 (N.D. Cal. Aug. 27, 2014) (granting summary judgment and striking affirmative defense for a failure to state a claim).  Defendant concedes that its "defense is not an affirmative one."  See PMSJ Opp'n at 3.  Accordingly, the Court grants Plaintiff's motion as to this defense and orders it stricken.

### B.    Laches

"Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002) (citation modified).  "To establish that laches bars a claim, a defendant must 'prove both an unreasonable delay by the plaintiff and prejudice to itself.'"  Eat Right Foods Ltd. v. Whole Foods Mkt., Inc., 880 F.3d 1109, 1116 (9th Cir. 2018) (quoting Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1226 (9th Cir. 2012).  The length of the delay is measured by "when the plaintiff knew (or should have known) of the allegedly infringing conduct," and stops "when the lawsuit in which the defendant seeks to invoke the laches defense is initiated."  Id. at 1116 (citation modified).  "Although laches is distinct from a statute of limitation, [courts] make laches determinations 'with reference to the limitations period for the analogous action at law.'"  Id. (quoting Jarrow Formulas, 304 F.3d at 835–36).  "If the plaintiff filed within that period, there is a strong presumption against laches.  If the plaintiff filed outside that period, the presumption is reversed."  Id. (quoting Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006)).  A party against whom laches is sought may rebut the presumption that laches applies if it can show "that its delay in suing was nonetheless reasonable."  Id.

United States District Court
Northern District of California

The most analogous statute of limitation here is California's four-year statute of limitation for trademark infringement actions.  See Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd., 894 F.3d 1015, 1025 (9th Cir. 2018).  Accordingly, if Plaintiff filed suit, or took other action to enforce its trademark, within four years of having knowledge or constructive knowledge of the infringing activity, there is a presumption against laches.  See Eat Right Foods, 880 F.3d at 1116.  If Plaintiff filed outside of the four-year period, the presumption is reversed.  Id.

The parties dispute the extent of the laches period.  See PMSJ Reply (dkt. 136) at 2 (May 2023 to September 2023 or four months); PMSJ Opp'n at 15 (October 2021 to April 2024 or two and a half years).  Under either period, Plaintiff filed within the four-year statute of limitations period and is entitled to a presumption against laches.  See PMSJ Reply at 2–3.  But Defendant is still entitled to rebut the presumption and has correctly pointed out that there are triable issues about prejudice.  See PMSJ Opp'n at 20–21.

A defendant can provide evidence of "expectations-based prejudice," which is "concerned with actions a defendant took during the plaintiff's delay in bringing suit."  Eat Right Foods, 880 F.3d at 1119.  "[O]nly expenditures made after a plaintiff knew or should have known about the potential claim will support a finding of expectations-based prejudice."  Id. at 1120 (internal quotation omitted).  Defendant argues that, between October 21 and September 2023, it "engaged in significant marketing, press releases, and brand and product promotion, as well as increases in marketing, sales, and engineering personnel."  PMSJ Opp'n at 20–21.  Plaintiff contests that Defendant's evidence is sufficient to show prejudice, in part because Plaintiff disputes whether Defendant's efforts took place in the laches period.  See PMSJ Reply at 14–15.  Because the parties dispute the relevant laches period as well as the degree of prejudice, there is a genuine dispute of material fact about whether Defendant can show "extraordinary circumstances" to warrant a rebuttal of the presumption.  See Danjaq LLC v. Sony Corp., 263 F.3d 942, 954 (9th Cir. 2001).

Plaintiff also argues that laches is unavailable because Defendant was a willful

United States District Court
Northern District of California

infringer.  See PMSJ at 10.  But the parties plainly dispute whether Plaintiff's offered testimony from Singh demonstrates willful conduct to infringe.  See PMSJ at 10–12 (citing testimony about Singh's knowledge of Plaintiff's mark when choosing Credo AI); PMSJ Opp'n at 4–8 (citing testimony from Singh about lacking an intent to infringe and no prior knowledge of Plaintiff's mark).  Particularly in the light most favorable to Defendant as the non-movant, there is a genuine dispute on willfulness that the Court cannot resolve on summary judgment.[1]

Accordingly, the Court denies Plaintiff's motion on this issue.

## IV.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment on all of Plaintiff's claims as well as Plaintiff's request for disgorgement.  See DMSJ.  The Court has reviewed the briefing, including the supplemental memoranda.  While Defendant makes compelling arguments, the Court determines that there are genuine disputes of material fact that warrant denial of Defendant's motion.  Indeed, Ninth Circuit caselaw cautions against summary judgment in trademark infringement cases.  See, e.g., Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1265 (9th Cir. 2001) ("[T]he question of likelihood of confusion is routinely submitted for jury determination as a question of fact."); see also Interstellar Starship Servs., Ltd. v. Epix Inc., 184 F.3d 1107, 1109 (9th Cir. 1999) (same).

## V.    MOTION TO STRIKE

Defendant argues that Plaintiff's supplemental disclosure for corrective advertising damages was untimely and so the Court should exclude evidence of actual damages, including a supplemental report on the topic by Plaintiff's expert, Douglas Kidder.  MTS at 8–12.  As exclusion would mean Plaintiff is limited to equitable remedies, Defendant asks the Court to strike Plaintiff's jury demand.  See id. at 12–13.  Plaintiff contends that its supplemental disclosure was not untimely and that, even if it was, it should be considered

---

[1]  For this same reason, the Court cannot grant summary judgment on disgorgement, as Defendant requests for its own motion.  See DMSJ at 29 (arguing that a lack of intent or willfulness renders disgorgement inappropriate).

substantially justified and harmless. See MTS Opp'n at (dkt. 160) at 5. The Court agrees with Plaintiff that its disclosure, while untimely, was substantially justified and harmless.[2] Accordingly, the Court denies Defendant's request to strike Plaintiff's jury demand and exclude corrective advertising evidence.

Rule 26(a) of the Federal Rules of Civil Procedure requires each party, "without awaiting a discovery request," to identify "each individual likely to have discoverable information" and "all documents, electronically stored information, and tangible things" that the "disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) establishes an obligation to supplement Rule 26(a) disclosures. Fed. R. Civ. P. 26(e)(1). Supplemental disclosures must be made "in a timely manner" when a "party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Id.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, the party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or harmless. R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012). "The determination of whether a failure to disclose is justified or harmless is entrusted to the broad discretion of the district court." San Francisco Bay Area Rapid Transit Dist. v. Spencer, No. 04–04632–SI, 2007 WL 421336, at * 4 (N.D.Cal. Feb. 5, 2007). Nondisclosure is harmless if it does not prejudice the other party. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). For harmlessness, courts can consider factors such as "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022).

There is no dispute that Plaintiff's supplemental disclosure for corrective

---

[2] The Court considers Defendant's motion notwithstanding Plaintiff's argument that the parties did not meet-and-confer pursuant to Civil Local Rule 37. See MTS Opp'n at 5.

advertising damages came after the original close of fact discovery. See MTS at 5 (four months after close of fact discovery); MTS Opp'n at 5 (same). Plaintiff contends that its supplementation was permissible under Rule 26(e). MTS Opp'n at 5–6. But adding a new "theory of damages is not the type of supplementation that Rule 26 envisions." See Illinois Tool Works, Inc. v. MOC Prods. Co., No. 09CV1887 JLS MDD, 2012 WL 3561984, at *11 (S.D. Cal. Aug. 17, 2012). By Plaintiff's own admission, Plaintiff's corrective advertising theory did not seek to remedy a prior defective disclosure and Plaintiff did not seek leave from the Court, either. See MTS Opp'n at 6 (belated supplementation because "the need for corrective advertising did not appear until July 2025"). Nevertheless, the Court concludes that Plaintiff's untimely submission was substantially justified and harmless.

### A.    Substantial Justification

Plaintiff contends that the increased public-facing confusion from the RAISE Summit and Defendant's Global Partnership Program—occurring after the close of fact discovery—necessitated corrective advertising. MTS Opp'n at 5–8. Defendant counters that these later events did not create a "new need for corrective advertising" as Plaintiff had made similar allegations of earlier confusion. MTS Reply (dkt. 162) at 3. But Plaintiff's new allegations of confusion are reasonably larger in scale than any prior instances. See MTS Opp'n at 1 (consistent confusion at a large international conference). And Defendant did agree to reopen discovery based on these events. Accordingly, the Court determines that there was substantial justification for Plaintiff's belated disclosures.

### B.    Harmless

The Court also concludes that the Liberty factors, on balance, demonstrate that the disclosures were harmless.

#### 1.    Prejudice or Surprise and Ability to Cure

Plaintiff has demonstrated that the late disclosure has not prejudiced Defendant and can be cured. For starters, Plaintiff did not seek to surprise Defendant. As explained, Plaintiff represents that its need for corrective advertising arose after the initial close of

United States District Court
Northern District of California

8

United States District Court
Northern District of California

fact discovery. And Plaintiff amended its disclosures for corrective advertising less than two weeks after the RAISE Summit. See MTS Opp'n at 2. Defendant also argues that it is prejudiced because it "had no opportunity to conduct discovery on this theory, and the dispositive-motion deadline has passed." MTS at 11. This rings particularly hollow given that the parties jointly reopened discovery on the same underlying events giving rise to Plaintiff's new damages theory. See Order Re Stipulation. And the parties also agreed to indefinitely stay the deadline for damages expert discovery pending the Court's ruling on Defendant's motion to strike. See Order Re Expert Discovery (dkt. 159). As Plaintiff points out, Defendant chose not to inquire into Plaintiff's corrective advertising theory during depositions or request written discovery after disclosure. See MTS Opp'n at 12–13.

Moreover, any lingering prejudice can be cured by reopening discovery. If Defendant wishes to pursue fact discovery on damages, it must confer with Plaintiff and seek the Court's leave. If Defendant wishes to request leave for a dispositive motion on this issue, Defendant may do so as well.

### 2.    Likelihood of Disruption of Trial

As Plaintiff notes, there can be no disruption of trial as one has not been scheduled yet. See MTS Opp'n at 14.

### 3.    Bad Faith or Willfulness

The Court does not find that there was evidence of bad faith or willfulness on Plaintiff's part. As explained, Plaintiff's late disclosure was substantially justified and carried out promptly after the underlying events occurred.

///

///

///

9

United States District Court
Northern District of California

## VI.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Plaintiff's partial motion for summary judgment as to Defendant's failure to state a claim defense, **DENIES** Defendant's motion for summary judgment, and **DENIES** Defendant's motion to strike.

**IT IS SO ORDERED.**

Dated: July 9, 2026



CHARLES R. BREYER
United States District Judge